# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, BURTON
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant EDWARD J. MITCHELL, II**
**United States Army, Appellee**

ARMY MISC 20150776

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate

For Appellant:  Captain Jihan Walker, JA (argued); Colonel Mark H. Sydenham. JA; Captain Jihan Walker, JA (on brief); Lieutenant Colonel A.G. Courie III, JA; Major Jihan Walker, JA (on brief following second government appeal); Colonel Mark H. Sydenham. JA; Lieutenant Colonel A.G. Courie III, JA; Major Jihan Walker, JA (on reply brief following second government appeal).

For Appellee:  Major Andres Vazquez, Jr. JA (argued); Lieutenant Colonel Jonathan Potter, JA; Major Andres Vazquez, Jr., JA (on brief); Lieutenant Colonel Melissa A. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Katherine DePaul, JA (on brief following second government appeal).

29 August 2016

---------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------------

Per Curiam:

This case is before this court pursuant to the government's second appeal of a military judge's ruling suppressing evidence filed in accordance with Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862 (2012) [hereinafter UCMJ].  The government challenges the military judge's decision to suppress appellee's mobile phone with internet capabilities, an iPhone 6 [hereinafter iPhone], and all evidence

derived from a search of that iPhone.[1]

In "clarified findings and conclusions," dated 17 May 2016, the military judge concluded: appellee first requested counsel while in custody; appellee was also in custody when Military Police (MP) investigators "reinitiated interrogation;" "there was insufficient time" for "terminat[ing]" any "lingering effects" or to "dissipate the coercive effects of the prior interrogation;" and based on "the totality of the circumstances" appellee provided "no knowing or intelligent waiver" of his right to counsel. The military judge based these conclusions on an Article 39(a), UCMJ, hearing where: appellee's company commander testified he received a phone call that investigators were coming to the company area and needed to see appellee. After that call, the commander directed that someone find and bring appellee to the commander's office. When the investigators arrived appellee was in the commander's office and the commander left his office for the use of the investigators. The company commander testified this encounter occurred approximately one to one and a half hours after appellee invoked his right to counsel and was released from the Military Police station with a unit escort.

Based on her findings from the testimony, the military judge concluded appellee's "statement" of entering his personal identification number (PIN) into his iPhone was obtained in violation of appellee's Fifth Amendment right against self-incrimination and Fifth Amendment right to counsel, as appellee was again subjected to law enforcement-initiated custodial interrogation after invoking his right to counsel. *See generally Edwards v. Arizona*, 451 U.S. 477 (1981) and *Maryland v. Shatzer*, 559 U.S. 98 (2010). In military practice, Military Rule of Evidence [hereinafter Mil. R. Evid.] 305(e)(1) incorporates the *Edwards* rule.[2] Accordingly,

---

[1] The military judge also suppressed a hardbound notebook, dubbed the "green book." The government does not challenge that part of the military judge's ruling; therefore we adopt it as the law of the case. *See United States v. Parker*, 62 M.J. 459, 464 (C.A.A.F. 2006). On 29 October 2015, the military judge issued a ruling suppressing the contents of the iPhone. The government appealed pursuant to Article 62, UCMJ. On 18 March 2016, this court issued an action on government appeal requesting the military judge to make detailed findings to address the issue of whether appellee's act of unlocking the iPhone was "testimonial," whether appellee was in custody when he unlocked the iPhone, and any other matter relevant to the suppression motion. *United States v. Mitchell*, ARMY MISC 20150776, 2016 CCA LEXIS 179 (Army Ct. Crim. App. 18 Mar. 2016)(mem. op.).

[2] "Absent a valid waiver of counsel under subdivision (g)(2)(B), when an accused or person suspected of an offense is subjected to a custodial interrogation under circumstances described under subdivision (d)(1)(A) of this rule, and the accused or suspect requests counsel, counsel must be present before any subsequent custodial interrogation may proceed." Mil. R. Evid. 305(e)(1).

the military judge suppressed evidence obtained from appellee's iPhone.

When acting on interlocutory appeals under Article 62, UCMJ, our court may act "only with respect to matters of law." *United States v. Baker,* 70 M.J. 283, 289 (C.A.A.F. 2011). We may not substitute our own fact-finding. *Id.* A military judge's findings of fact are reviewed under a clearly erroneous standard and conclusions of law de novo. *Id.* For an appeal under Article 62, UCMJ, this court "reviews the evidence in the light most favorable to the party which prevailed at trial." *United States v. Henning*, 75 M.J. 187, 190-91 (C.A.A.F. 2016). A military judge's ruling on admissibility of evidence is reviewed for abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). To overturn the trial judge's ruling on appeal, it must be "arbitrary, fanciful, clearly unreasonable or clearly erroneous." *United States v. Taylor,* 53 M.J. 195, 199 (C.A.A.F. 2000). "The abuse of discretion standard calls for more than a mere difference of opinion." *United States v. Stellato*, 74 M.J. 473, 480 (C.A.A.F. 2015) (quoting *United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014)). Given the evidence in the record, we find that the military judge's findings of fact are not clearly erroneous and her conclusions of law are correct as a matter of law; we do not find that the military judge abused her discretion by suppressing the evidence in question.

Accordingly, the appeal by the United States under Article 62, UCMJ, is DENIED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court